Raulin SANCHEZ–CORDERO,
Appellant

v.

UNITED STATES of America.

No. 08–3933.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
for Untimeliness, or for Possible
Summary Action

Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 Feb. 26, 2009.

Filed March 12, 2009.

Raulin Sanchez–Cordero, Youngstown, OH, pro se.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Before: RENDELL, HARDIMAN and GREENBERG, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Raulin Sanchez–Cordero was sentenced to a 120–month statutory mandatory minimum on November 25, 2002. Sanchez–Cordero filed pro se a motion in the District Court of New Jersey seeking to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2). The District Court denied his motion, finding that Sanchez–Cordero was ineligible for any reduction because he was sentenced to a statutory mandatory minimum. Petitioner timely appeals. *See United States v. Grana*, 864 F.2d 312, 316 (3d Cir.1989). We have jurisdiction under 28 U.S.C. § 1291. We may summarily affirm the District Court's judgment if the appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6. For the reasons that follow, we will do so.

Sanchez–Cordero is not eligible for a sentence reduction because he was sentenced to a mandatory minimum. He pleaded guilty to a crime involving more than fifty grams of crack cocaine with a statutory minimum of 10 years. 21 U.S.C. § 841(b). Amendment 706 to the Sentencing Guidelines lowered the base offense levels for cocaine base offenses. Amendment 706 is inapplicable in this instance because the Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence. *See* U.S.S.G. § 1B1.10 app. note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if ... the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of ... another statutory provision (e.g., a statutory mandatory minimum term of imprisonment")). As this appeal presents no substantial question, we will summarily affirm the District

Court's order. See 3d Cir. LAR 27.4 and 3d Cir. I.O.P. 10.6.